COMPANIA OCCIDENTAL DE ALMACENAJE, S. A., v. FIRST NAT. BANK, DEL RIO, TEX.*

(Circuit Court of Appeals, Fifth Circuit. January 9, 1923.)

No. 3954.

1. Banks and banking ⬤⟿260(1)—Transaction held incidental to deposit and transmission of funds within powers of national bank.

Where a Mexican bank transmitted to correspondents on the border Mexican gold coin, to be sold by a national bank and the proceeds credited to the Mexican bank's account in New York, the indirect transmission being adopted to avoid the prohibition of the export of the coin from Mexico, the transaction was incidental to the deposit of the funds in the national bank and its transmission to New York, which was within the powers conferred on national banks by Rev. St. § 5136 (U. S. Comp. St. 9661).

2. Banks and banking ⬤⟿263—Liable for failure to remove funds payable on demand before insolvency of depositary.

Where a Mexican bank transmitted coin to a correspondent, to be held, payable on the demand of an American national bank, the national bank is liable for its negligent failure to remove the funds from the custody of the depositary before the latter's insolvency.

3. Banks and banking ⬤⟿263—Obligation of bank, performable in part in Mexico, is valid.

The validity of the obligation incurred by a national bank by its acceptance of a shipment of Mexican coin made to another for its benefit is not affected by the circumstance that in part that obligation was to be performed in Mexico.

4. Banks and banking ⬤⟿263—Liability for coin received not affected by validity of obligation incurred.

The liability of a national bank for the safe-keeping of coin delivered to it is not affected by the validity or invalidity of the obligation thereby intended to be incurred by the bank.

In Error to the District Court of the United States for the Western District of Texas; Duval West, Judge.

Action by the Compania Occidental de Almacenaje, S. A., against the First National Bank of Del Rio, Tex. Judgment for defendant, and plaintiff brings error. Reversed.

Zach Lamar Cobb, of Los Angeles, Cal., for plaintiff in error.

W. B. Teagarden, of San Antonio, Tex. (Walter F. Jones, of Del Rio, Tex., and W. B. Teagarden, of San Antonio, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. By this action the plaintiff in error (herein called the plaintiff) sought to charge the defendant in error (herein called the defendant) with liability for the value of $17,000 of Mexican gold coin. The claim asserted arose in the way disclosed by the following statement of facts:

The plaintiff is a Mexican corporation engaged in the banking business, having its principal place of business in the city of Guadalajara, Mexico. The defendant is a national bank located at Del Rio, Tex.

In October, 1920, defendant's cashier visited plaintiff's place of business at Guadalajara for the purpose of making an arrangement for the plaintiff doing business with the defendant. On that occasion, after it was made known that plaintiff was engaged in selling exchange on New York for Mexican gold, and in getting Mexican gold coin converted into American exchange for transmission to the New York bank on which it drew, it was proposed and agreed that plaintiff would ship gold to Miguel Tinoco & Son, at Juarez, Mexico, with direction to that firm to place the gold at the disposal of the defendant, and that defendant would sell such gold for United States money, and, as directed, place proceeds thereof to plaintiff's credit in New York. In November, 1920, plaintiff shipped $10,000 in Mexican gold coin to Tinoco & Son, who advised defendant of its receipt and that it was at defendant's disposal. Defendant sold that gold for $5,000 American money, remitted $2,500 to plaintiff's New York bank and entered a credit of $2,500 on its account with plaintiff. That amount remained to plaintiff's credit until after the occurrence now to be mentioned. On December 3d plaintiff shipped to Tinoco & Son at Juarez $17,000 in Mexican gold, notified defendant of the shipment, and directed defendant to send New York draft for $8,500 to Fifth Avenue Bank, New York. On December 9th Tinoco & Son notified defendant that, in accordance with letter from plaintiff, they had credited defendant's account with $17,000 in Mexican gold coin, and that they held the same subject to defendant's instructions. A letter of the same date from defendant's cashier contained the following:

"It is a great deal of pleasure to receive a letter from you, advising that you had shipped us $17,000.00 Mexican gold to Juarez, and wish to assure that I appreciate very much the business you are giving us. You may rest assured I will use my very best efforts in trying to secure a premium on this gold for you."

Between the last-mentioned date and December 23, when Tinoco & Son failed in business, the defendant several times offered to sell $17,000 Mexican gold at Juarez, but did not demand, get in hand, or dispose of it. The court ruled against the plaintiff's asserted right to recover; a statement made when that ruling was announced showing that the ground of the ruling was that the defendant was not authorized to engage in such a transaction as the one in question. That ruling is presented for review.

[1] The existence of a prohibition of the export from Mexico of its gold coin was suggested in argument as a reason for shipping such coin to a third party at Juarez, to be delivered to the defendant on demand, instead of directly to the defendant itself. A result of such shipment and of the defendant's assent thereto was that Tinoco & Son held the gold for the defendant and subject to its order. Thereby the defendant acquired the right to have the gold delivered to it on demand. The shipment was the means adopted of bringing about a deposit by the plaintiff with the defendant of the amount of the proceeds of the sale of the Mexican coin for United States money, the issue by the defendant of its New York draft for $8,500, and the transmission thereof to a bank in New York, to be credited on plaintiff's account

with that bank. What the defendant undertook to do with reference to the coin so made subject to its disposition was incidental to its receiving a deposit to be credited on its existing deposit account with the plaintiff, and the transmission of its draft to New York pursuant to the request of its depositor. As a national bank the defendant was authorized to receive deposits and to sell exchange, coin, and bullion, and possessed all such incidental powers as may be necessary to carry on the business of banking. R. S. § 5136 (Comp. St. § 9661). The acquisition by the defendant of the right to have the coin delivered to it by Tinoco & Son constituted a valuable consideration, inuring to the benefit of the defendant.

[2] The defendant would have performed the ordinary banking functions of selling coin put at its disposal by a customer, with direction that the proceeds of the sale be deposited to the customer's credit, and of transmitting funds for a depositor, if it had sold the Mexican coin and sent its draft to New York as requested by the plaintiff. Bank of British North America v. Cooper, 137 U. S. 473, 11 Sup. Ct. 160, 34 L. Ed. 759; Goshorn v. People's National Bank, 32 Ind. App. 428, 69 N. E. 185, 102 Am. St. Rep. 248. The failure of the defendant to get the additional deposit to the credit of the plaintiff which would have protected the former in sending its draft to New York as directed may be attributed to the defendant's lack of reasonable promptness in demanding and getting the gold from Tinoco & Son before the latter's failure. It chose to permit that firm to continue to be its depository. It is liable for the consequences of negligence in that regard. Preston v. Prather, 137 U. S. 604, 11 Sup. Ct. 162, 34 L. Ed. 788.

[3] The validity of the obligation incurred by the defendant by its acceptance of the shipment made to another for its benefit is not affected by the circumstance that in part that obligation was to be performed in Mexico. Bank of Augusta v. Earle, 13 Pet. 519, 10 L. Ed. 274.

[4] Furthermore, the defendant's liability for coin put at its disposal in a manner consented to by it is not dependent upon the legal validity of the obligation thereby intended to be incurred by it. The obtaining by the defendant of the plaintiff's coin gave rise to a liability, whether the defendant was or was not legally bound to do what it undertook to do. Rankin v. Emigh, 218 U. S. 27, 30 Sup. Ct. 672, 54 L. Ed. 915. The gold is to be regarded as having been in the defendant's possession from the time it accepted Tinoco & Son as its depositories.

The conclusion is that the court erred in making the above-mentioned ruling. Because of that error the judgment is reversed.